UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES MCCAW, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:08CV0224 JCH |
| ) | |
| CHRIS KOSTER, ET AL.,[1] ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner James McCaw's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2254, filed January 17, 2008 (Doc. No. 1 ("Motion")). Because this Court has determined that McCaw's claims are inadequate on their face and the record affirmatively refutes the factual assertions upon which McCaw's claims are based, this Court decides this matter without an evidentiary hearing.[2]

**BACKGROUND**

In February and March 2002, Petitioner participated in thefts of goods from three St. Louis County businesses. The State proceeded against Petitioner at trial on four counts of stealing and one

---

[1]On January 12, 2009, Chris Koster was sworn in as the Attorney General of the State of Missouri. Accordingly, this Court hereby substitutes Koster for Jeremiah Nixon as the party in interest. See Fed.R.Civ.P. 17(d).

[2]"A district court does not err in dismissing a movant's motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Buster v. U.S., 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting Sanders v. U.S., 341 F.3d 720, 722 (8th Cir. 2003)(citation and quotation marks omitted); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (in a § 2254 case, holding that "[a] petitioner is not entitled to an evidentiary hearing . . . when his claims are . . . contentions that in the face of the record are wholly incredible.").

count of receiving stolen property. (Respondent's Exhibit G, p. 3). Prior to closing arguments, the State entered a nolle prosequi order dismissing one of the stealing counts (Count 1). (Id.) On December 3, 2003, a jury found Petitioner guilty of three counts of stealing and one count of receiving stolen property. (Respondent's Exhibit A, p. 277; Motion, p. 1). McCaw, as a persistent offender, was sentenced to four (4) consecutive seven (7) years terms to be served consecutive to a federal sentence. (Motion, p. 1; Respondent's Exhibit L).

Petitioner appealed this judgment to the Missouri Court of Appeals. The Missouri Court of Appeals issued a per curiam opinion affirming the judgment of the trial court on April 5, 2005. (Respondent's Exhibit G).[3] Petitioner also filed a 29.15 motion alleging ineffective assistance of counsel. (Respondent's Exhibit L). On February 15, 2006, the post conviction relief ("PCR") court denied Petitioner's 29.15 motion. (Respondent's Exhibit I, pp. 67-78). On appeal, McCaw argued "that the Court erred when it denied his Rule 29.15 motion, because 1) trial counsel failed to object to, and appellate counsel failed to appeal, an improper statement in the prosecutor's closing argument; 2) trial counsel failed to request a limiting instruction or a mistrial when the State entered a *nolle prosequi* on one count after evidence had been presented on that count; and 3) the Court failed to enter findings of fact and conclusions of law on his *pro se* Rule 29.15 claims, as Rule 29.15(j) requires." (Respondent's Exhibit L). The Court of Appeals affirmed the Circuit Court's denial of the Petitioner's Rule 29.15 motion. (Respondent's Exhibits L and M).[4]

---

[3]Petitioner states that the Court of Appeals issued its mandate on July 10, 2001. (Motion, p. 2).

[4]When a state appellate court issues a summary opinion, as occurred here, federal habeas corpus courts look to the last reasoned state court opinion. "[F]ederal courts considering petitions for habeas relief may 'look through' the state supreme court decision to the last reasoned decision of the lower state court on that issue." Winfield v. Roper, 460 F.3d 1026, 1037 (8th Cir. 2006); Ylst v. Nunnemaker, 501 U.S. 797, 804 (1991).

On February 13, 2008, McCaw filed this Motion seeking relief for ineffective assistance of counsel based upon the following two grounds:

(1) McCaw asserts that his trial and appellate counsel were ineffective "for failing to challenge the prosecutor's closing argument that the jury promised [during] voir dire that it could convict Petitioner based solely on the testimony of witnesses with a criminal record[.]" (Motion, p. 10).

(2) McCaw asserts that this trial counsel was ineffective for failing to request a limiting instruction or a mistrial after the prosecutor entered a *nolle prosequi* to count one of the indictment prior to submitting the case to the jury. (Motion, p. 19).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[A]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "'A state court's decision is contrary to … clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court]

decision … and nevertheless arrives at a [different] result.'" Cagle v. Norris, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003)). A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Williams v. Taylor, 529 U.S. 362, 405 (2000).

A state court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." Ryan v. Clarke, 387 F.3d 785, 791 (8th Cir. 2004). The Supreme Court has emphasized the phrase "Federal law, as determined by the Supreme Court," refers to "the holdings, as opposed to the dicta, of this Court's decisions," and has cautioned that § 2254(d)(1) "restricts the source of clearly established law to [the Supreme] Court's jurisprudence." Williams, 529 U.S. at 412. "[I]n a § 2254 habeas corpus proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." Anderson v. Goeke, 44 F.3d 675, 679 (8th Cir. 1995).

## DISCUSSION

### I. Legal Standard for Ineffective Assistance of Counsel

To support an ineffective assistance of counsel claim, a convicted movant must first show "that his counsel's performance was deficient, and that he suffered prejudice as a result." Paul v. U.S., 534 F.3d 832, 836 (8th Cir. 2008) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The movant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Malcom v. Houston, 518 F.3d 624, 626 (8th Cir. 2008). A reasonable probability

is less than "more likely than not," Kyles v. Whitley, 514 U.S. 419, 434 (1995), but more than a possibility. White v. Roper, 416 F.3d 728, 732 (8th Cir. 2005). A reasonable probability "is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "[B]oth the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact" subject to *de novo* review. Id. at 698. "The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense." U.S. v. Ledezma-Rodriguez, 423 F.3d 830, 836 (8th Cir. 2005) (citations omitted).

### A. Ground 1

Petitioner claims that his trial counsel was ineffective because she failed to object at closing to the prosecutor's suggestion that the jury panel had committed to finding for the prosecution even if the State's case was supported only by the testimony of convicted felons. Petitioner further asserts that his appellate counsel was ineffective for failing to argue this point on direct appeal.

The following is the exchange from voir dire at issue:

> [Prosecutor]: Getting back to witness credibility. I anticipate that a lot of my witnesses have lengthy criminal records that are going to be testifying. Knowing that, in the proper case, would anyone have a problem convicting somebody where the State's only evidence is by the testimony of convicted felons?
>
> [Defense Attorney]: Judge, I have to object. I think that calls for a commitment on the part of the jury.
>
> The Court: I'll sustain the objection.
>
> [Defense Attorney]: Thank you.
>
> [Prosecutor]: Does anyone have a problem with where the only--would anyone require more than just the testimony of convicted felons?
>
> [Defense Attorney]: Same objection, Judge.

>   The Court: I'll overrule.
>
>   [Prosecution]: Would anyone have a problem where the only evidence is going to be the testimony of felons?
>
>   [Defense Attorney]: Same objection, Judge.
>
>   The Court: Overruled.

(Respondent's Exhibit A, pp. 20-21).

During the defense counsel's closing argument, she emphasized that the jury would have to rely only on the testimony of Jackie Thomas to convict Petitioner. Defense counsel told the jury that it could not rely on Mr. Thomas' testimony because he had a long criminal history and "makes his living as a thief." (Respondent's Exhibit A, pp. 264-268). Specifically, defense counsel stated, "[w]e're asking you to find Mr. McCaw not guilty of these offenses because Jackie Thomas's word alone is not enough." (Id., p. 273).

In response, the prosecutor stated, "I asked you in voir dire and you all told me that you could do it, that you could find somebody guilty, you wouldn't require me to produce more than just witness testimony and that you wouldn't make me produce more than somebody who has a criminal record." (Respondent's Exhibit A, p. 273). Petitioner asserts that his trial counsel was ineffective for failing to object to this comment and that his appellate counsel was ineffective for failing to raise this issue on appeal.

To determine whether defense counsel was ineffective for failing to object to the prosecutor's closing argument, the PCR court first looked at whether the prosecutor's statements were, in fact, improper.[5] The PCR court determined that the prosecutor's statement during closing was during the

---

[5]The PCR court noted that "[e]ven if the prosecutorial argument under attached was improper, the issue on appeal cannot be resolved by the simple expedient of branding it reversible error per se; the court is obligated to weigh the argument against the entire record to determine whether it so prejudicially 'tipped the scales' as to deny defendant a fair trial." (Respondent's Exhibit

second half of her closing and was retaliatory. (Respondent's Exhibit I, p. 71). The PCR court determined that the prosecutor only made statement that the jury "could find somebody guilty" even if supported by only a witness with a criminal record in response to statements made by defense counsel.

In addition, the potential prejudice of the statement was sufficiently mitigated when placed in the context of the prosecutor's other statements to the jury. The PCR court found that the prosecutor's statement must be taken in context with the prosecutor's opening statements and were proper retaliation to defense counsel's argument. (Respondent's Exhibit I, pp. 72-73). The PCR court "did not invite the jury to disregard the Court's instructions or misrepresent the State's burden of proof." (Id.) The jury was instructed regarding the proper burden of proof, considerations for witness credibility and the Petitioner's presumption of innocence. (Respondent's Exhibit I, p. 73). Because the prosecutor's statements were not improper, then defense counsel could not be ineffective based upon her performance in failing to object to those statements.

The PCR court also found that counsel's failure to object at closing did not prejudice Petitioner. The State set forth "overwhelming evidence" that Petitioner was guilty of the crimes, in particular Petitioner's confession. The PCR court found that Petitioner could not establish prejudice under the Strickland standard. See U.S. v. Davis, 417 F.3d 909, 911-912 (8th Cir. Mo. 2005) (quoting U.S. v. Young, 470 U.S. 1, 11-12 (1985)) ("Prejudice is determined in light the misconduct's cumulative effect, the strength of the evidence of the defendant's guilt, and the curative actions of the trial court. ... In reviewing objections to the government's closing argument we must think about 'the probable effect the prosecutor's response would have on the jury's ability to judge the evidence fairly.'").

---

I, p. 71 (citing Deck v. State, 68 S.W. 3d 418, 428 (Mo. banc 2002)).

Here, the state court correctly applied the factual record to the law, and concluded that counsel's conduct was effective. The state court's determined that the prosecution's statement was merely rebuttal and did not improperly instruct the jury was reasonable under the law. "'In closing arguments, a prosecutor is entitled to make a fair response and rebuttal when the defense attacks the government's case.'" U.S. v. Long Feather, 299 F.3d 915, 919 (8th Cir. 2002) (quoting U.S. v. Flynn, 196 F.3d 927, 930 (8th Cir. 1999)); see U.S. v. Robinson, 774 F.2d 261, 277 (8th Cir. 1985) (citation omitted) ("The district court has broad discretion in determining whether an allegedly improper question has so tainted the trial as to require a mistrial."). Moreover, the court's instructions regarding the jury's review of the case and its presumption of innocence cured any alleged improper statement by the prosecution. See also U.S. v. Nelson, 984 F.2d 894, 897 (8th Cir. 1993) ("The admission of allegedly prejudicial testimony is ordinarily cured by an instruction to the jury to disregard the testimony."). Finally, the Petitioner cannot establish prejudice, as required under Strickland. The "overwhelming evidence" from the case, especially Petitioner's confession, indicates that Petitioner was guilty and would have been found guilty despite any statements by the prosecution. See Davis, 417 F.3d at 912 (emphasizing that the government presented strong evidence of the defendant's guilt in determining whether there was prejudice to the defendant). In the context of the whole trial, the alleged prosecutorial misconduct and allegedly ineffective response of defense counsel was not "so offensive as to deprive the defendant of a fair trial." U.S. v. Hernandez, 779 F.2d 456, 460 (8th Cir. 1985) (citations omitted). The decision of the PCR court regarding Ground 1 is a reasonable interpretation of federal law and was based on a reasonable determination of the facts in light of the evidence presented at Petitioner's trial. Accordingly, Ground 1 fails.

### B.     Ground 2

In Ground 2, Petitioner claims that his trial counsel was ineffective for failing to request a limiting instruction or a mistrial after the prosecutor entered a *nolle prosequi* to Count 1 of the indictment prior to submitting the case to the jury. Count 1 of the amended information alleged that Petitioner, "acting with others[,] appropriated a box truck of a value of at least seven hundred fifty dollars, which property was in possession of C-Mark ... without the consent of C-Mark and with the purpose to deprive the victim thereof." (Respondent's Exhibit I, p. 31) (citation and quotation omitted). The value of the box truck was $70,000. (Id., p. 36). The prosecutor entered a *nolle prosequi* after evidence was presented that indicated that the truck was stolen from C-Mark Corporation. Petitioner claims that the evidence presented on Count 1, prior to the *nolle prosequi* order, prejudiced the jurors into being predisposed to find Petitioner guilty on the other four counts, and, absent the evidence presented on the dismissed Count 1, the jury would not have found Petitioner guilty on the other counts.

The PCR court noted that the witnesses on Count 1 were Richard Barrett, the manager for C-Mark Corporation, Detective Mark Houston, who located the truck, and Richard Lowey, who was part of the Petitioner's group of thieves. (Respondent's Exhibit I, p. 74). The PCR court found that the prosecution decided not to pursue Count 1 against Petitioner for "judicial economy." (Id.) The defense counsel agreed with the State's decision. (Id., pp. 74-75). The PCR court identified and applied Strickland to Petitioner's claim of ineffective assistance of counsel.

The PCR court found that Petitioner was not prejudiced by the introduction of testimony on Count 1. The PCR court found that the only testimony the jury heard on Count 1 was that the truck was worth in excess of $70,000, and that the truck was taken without permission but later recovered. (Id., p. 75). The testimony of Richard Lowery was the only testimony that linked Petitioner to

stealing the truck. (Id.) The jurors did not hear the testimony of Mr. Lowery and the prosecutor did not mention Mr. Lowery in his opening statement. (Id.) The State also told the jury that no inference can be drawn from the State's failure to prosecute Count 1. (Id.)

The PCR court further determined that the witnesses' testimony regarding Count 1 was not "outcome determinative" for the other four counts. (Id.) The PCR court noted that ten other witnesses testified on behalf of the State regarding the other four counts, including another member of Petitioner's "gang" and the detective that accepted Petitioner's incriminating statement. (Id.)

The PCR court held that, in light of the overwhelming evidence in support of the State's case, there was "no reasonable probability that the jury would have had any reasonable doubt as to the guilt of" Petitioner, even if a limiting instruction had been given. (Id., p. 76). The PCR court held that Petitioner failed to satisfy the performance and prejudice requirements for an ineffective assistance of counsel claim. (Id.)

This Court finds that the PCR court reasonably applied the governing law and the facts to Petitioner's case. The PCR court applied the Strickland standard and found that Petitioner's counsel provided adequate representation and that Petitioner was not prejudiced by his counsel's performance. Specifically, the PCR court found that Petitioner's guilt was evident to the jury. The State had ten witnesses testify regarding the Petitioner's guilt on Counts 2-5 and Petitioner's confession to those crimes. This Court believes that the PCR court correctly found that Petitioner was not prejudiced by his counsel's purported deficient performance. Petitioner has presented no evidence that the PCR court incorrectly applied federal law or misapplied the facts to the law. The Court finds that the law supports the PCR court's finding that Petitioner would have been found guilty of the four other counts even if his counsel had asked for a limiting instruction regarding Count 1. Petitioner's Ground 2 is denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner James McCaw's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834, 119 S. Ct. 89, 142 L. Ed. 2d 70 (1998).

Dated this 10th day of September, 2009.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE